UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY AND CHELSEY ELLISON | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-787 |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY & AARFON CAMP | § | |
|     Defendants | § | |

## NOTICE OF REMOVAL

Defendant, Central Mutual Insurance Company (hereinafter referred to as "Central"), hereby files this Notice of the Removal of this case from the 98th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1441 and 1446(b) and would show the Court as follows:

1.

Central has been sued in Cause No. D-1-GN-16-002271, entitled "Jeremy and Chelsey Ellison v. Central Mutual Insurance Company & Aaron Camp", currently pending in the 98th Judicial District Court of Travis County, Texas. That lawsuit was originally filed on May 24, 2016 in the 98th Judicial District Court of Travis County, Texas.

2.

Central received notice of Plaintiffs' lawsuit when Central was served with Plaintiffs' lawsuit on June 20, 2016. The other Defendant to this lawsuit, Aaron Camp, was served on June 3, 2016. Central is filing this notice within thirty days from when it was served with Plaintiffs' lawsuit, and within thirty days from when the first defendant was served in this lawsuit, so that this removal is more than timely under 28 U.S.C. § 1446(b).

3.

At the date of commencement of this action and at all pertinent times, Plaintiffs are citizens of the State of Texas, being individuals residing in and domiciled in the State of Texas.

4.

At the date of commencement of this action and at all pertinent times, the Defendants to this lawsuit are citizens of the following:

(A)     Central is a citizen of the State of Ohio, being an insurance company incorporated in the State of Ohio, and having its principal place of business in the State of Ohio;

(B)     Aaron Camp (hereinafter referred to as "Camp") is an individual who is a citizen of the State of Texas, being an individual residing in and domiciled in the State of Texas.

5.

The citizenship of Camp is not considered for jurisdictional purposes, as his joinder in this lawsuit is fraudulent, since Plaintiffs have no viable cause of action against Camp, nor have Plaintiffs sufficiently pled a viable claim against him for purposes of keeping this lawsuit from being removed to federal court.  There is no sufficient factual and/or legal basis alleged in Plaintiffs' lawsuit that assert viable claims against Camp so as to keep this case from being removed to federal court.  This is especially the case under the new pleading standard required by the Fifth Circuit in its recent opinion in *Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016).  As no viable claims have been pled by Plaintiffs against Camp, the citizenship of Camp would not be considered for jurisdictional purposes.  Complete diversity thus exists between Plaintiffs and the only remaining Defendant, Central, such that diversity of citizenship

exists in this matter.

6.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Central, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.

7.

Copies of all the pleadings which have been filed in this action to date and which are attached as Exhibit "A" include the following:

    a.      Plaintiffs' Original Petition;

    b.      Citation served on Camp; and

    c.      Citation served on Central.

To the best of Central's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.

Wherefore, Defendant, Central Mutual Insurance Company, prays that this action be removed to this Court from the 98th Judicial District Court of Travis County, Texas and for further proceedings as may be necessary.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)

E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR DEFENDANT
CENTRAL MUTUAL INS. CO.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 26, 2016, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Western District of Texas, using the electronic case filing system of the court.

I hereby certify that I have served a true and correct copy of the foregoing document as indicated below, on this the 26th day of June, 2016:

Mr. Adam Q. Voyles                          VIA E-MAIL - adam@lubelvoules.com
LUBEL VOYLES LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Attorney for Plaintiffs


/S/Russell J. Bowman
Russell J. Bowman

EXHIBIT A

5/24/2016 2:58:15 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-002271
Victoria Chambers

CAUSE NO. **D-1-GN-16-002271**

| | | |
|---|---|---|
| JEREMY AND CHELSEY ELLISON | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY & AARON CAMP | § | |
| | § | 98th JUDICIAL DISTRICT |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiffs Jeremy and Chelsey Ellison (hereinafter sometimes referred to as "Plaintiff"), and files this original petition against Defendant Central Mutual Insurance Company and Aaron Camp (hereinafter sometimes referred to as "Defendant(s)") and for cause of action would show the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted pursuant to Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES & PROPERTY

1.      Plaintiffs are Jeremy and Chelsey Ellison ("Plaintiff"). The property at issue is located at 200 W. Elm Street, Granger, Texas 76530 (the "Property"). The insurance policy at issue is number 4391706 ("Policy").

2.      Defendant Central Mutual Insurance Company ("Defendant" or "Central Mutual") is a foreign corporation that, at all times material to this action, has engaged in the business of insurance in Texas, including as more particularly set forth below by procuring and

adjusting policies in Texas. Central Mutual may be served through its registered agent for service of process in the State of Texas, Steven Mansfield, 7301 State Hwy. 161, Suite 320, Irving, Texas 75039-2820.

3.      Defendant, Aaron Camp ("Camp") is an individual and resident domiciled in the State of Texas engaging in the business of insurance adjusting polices and claims in Texas. Aaron Camp may be served at his place of work Gentry & Associates Claims Services, Inc. 10800 Tollesboro CV, Austin, Texas 78739-2202.

### III.
### VENUE & JURISDICTION

4.      Venue is proper in Travis County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1), because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Specifically, many of the acts and omissions of Defendants occurred in Travis County, Texas.

5.      The Court has subject matter jurisdiction over the controversy because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

6.      The Court has personal jurisdiction over Defendant Camp because he is a resident of Texas. The Court has personal jurisdiction over Defendant Central Mutual because it does business in Texas and the acts and omissions giving rise to the claims and causes of action asserted herein occurred in Travis County, Texas.

### IV.
### FACTS

7.      Plaintiff owns a residence located at 200 W. Elm Street, Granger, Texas 76530 (the "Property").

8.      Plaintiff was assigned an insurance policy by Central Mutual for the Property.

2

9.     Central Mutual sold Plaintiff the Policy, insuring the Property that is the subject of this lawsuit.  Plaintiff suffered significant losses with respect to the Property due to weather events, including strong winds and hail.

10.    Plaintiff submitted a claim to Central Mutual for damage to the Property as a result of the weather event.  The damage to Plaintiff's Property is extensive.

11.    Defendants negligently concluded there was no or limited damage to the Property due to weather events.

12.    Defendants wrongfully refused Plaintiff's claim for repairs to the Property.  Defendants refused Plaintiff's claim for repairs even though the Policy provided coverage for losses such as those suffered by Plaintiff as a result of the weather events.  Furthermore, Central Mutual has refused to provide full coverage for the damages sustained by the Plaintiff.  Additionally, Central Mutual continues to deny and delay payment for damages to the Property as a result of hail, wind and rain damage.  As such, Plaintiff has not been paid in full for the damages to the Property.

13.    Central Mutual failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Central Mutual refuses to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Central Mutual's conduct constitutes a breach of the insurance contract.

14.    Central Mutual and Camp misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

3

15.     Central Mutual failed to make an attempt to settle Plaintiff's claims in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

16.     Defendants failed to adequately explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Central Mutual failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.

17.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Central Mutual.   Central Mutual refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060, *et. seq.*

18.     From and after the time Plaintiff's claim was presented to Central Mutual, the liability of Central Mutual to pay the full claims in accordance with the terms of the Policy was reasonably clear.   However, Central Mutual has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.   Defendant's conduct constitutes a breach of good faith and fair dealing. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

19.     Defendants knowingly or recklessly made false representations, as described above, as material facts and/or knowingly concealed all or part of material information from Plaintiff.

4

20.    As a result of the Defendants wrongful acts and omissions, Plaintiff was forced to retain the attorneys who are representing Plaintiff in this cause of action.

21.    Central Mutual breached the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract.  Central Mutual's refusal to accept liability without justification was unreasonable and unjust. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. al.*

## V.
## CAUSES OF ACTION

**A.    BREACH OF CONTRACT ( Against CENTRAL MUTUAL)**

22.    Paragraphs above are incorporated by reference.

23.    Central Mutual's conduct constitutes a breach of the insurance contract entered into with Plaintiff.

24.    Central Mutual and Plaintiff entered into an insurance contract in which Central Mutual agreed to pay for direct physical loss of or damage to covered Property at the premises described in the declarations caused by or resulting from any covered cause of loss.  Plaintiff suffered such a loss as a result of hail, wind and rain, which were covered losses under the terms of the insurance contract.  Central Mutual breached the contract by refusing to pay Plaintiff for the damage to the Property as a result of hail, wind and/or rain.

25.    Central Mutual failed to conduct a reasonable investigation of the damage to Plaintiff's Property as a result of hail, wind and/or rain.  Central Mutual performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim.

26.    Central Mutual failed to pay Plaintiff amongst other things for direct physical loss to the exterior of the Property as a whole.

5

27.    Central Mutual failed to pay Plaintiff amongst other things for direct physical loss to the roof of the Property.

28.    Central Mutual's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do so under the terms of the Policy in question constitutes a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees as a result of a direct physical loss to covered Property as a result of a covered loss.

29.    Central Mutual's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy has been performed, excused, waived or otherwise satisfied by Plaintiff.

**B.     PROMPT PAYMENT OF CLAIMS STATUTE (Against CENTRAL MUTUAL)**

30.    Paragraphs above are incorporated by reference.

31.    The claims at issue are claims under an insurance policy with Defendant Central Mutual, of which Plaintiff gave Defendant Central Mutual proper notice. Defendant Central Mutual is liable for the claims.

32.    Defendant Central Mutual violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.021 *et. seq.* by:

   a.  Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements and forms that Defendant Central Mutual reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

   b.  Failing to notify Plaintiff in writing of its acceptance or rejecting of the claims within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

   c.  Delaying payment of the claims following Defendant Central Mutual's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

6

33.     Defendant Central Mutual is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of Texas Insurance Code.

C.     **UNFAIR SETTLEMENT PRACTICES/BAD FAITH (against all Defendants)**

34.     Paragraphs above are incorporated by reference.

**Defendant Central Mutual**

35.     As explained further herein, Defendant violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

36.     Defendant Central Mutual engaged in unfair settlement practices by:

    a.     Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims with respect to which the insurer's liability had become reasonably clear;

    c.     Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claims;

    d.     Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    e.     Refusing to pay the claim without conducting a reasonable investigation with respect to a claim.

37.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Central Mutual and was a producing cause of Plaintiff's damages.  Defendant Central Mutual are therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**Defendant Camp**

38.     Defendant Camp was a contractor and/or adjuster assigned by Defendant Central Mutual to assist with adjusting the claims. Defendant Camp was charged with investigating the claims and communicating with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et. seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 486 (Tex. 1998).

39.     Defendant Camp was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including discovering covered damages and fully quantifying covered damages to Plaintiff's insured Property.

40.     Defendant Camp conducted a substandard, results-oriented inspection of the Property. As such, Defendant Camp failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

41.     Further, Defendant Camp misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Defendant Camp failed to provided Plaintiff a reasonable explanation as to why Defendant Central Mutual was not compensating Plaintiff for the covered losses, or the true value thereof.

42.     Thus, Defendant Camp engaged in unfair settlement practices by:

    a.     Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.     Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear;

    c.     Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant Central Mutual's denial of a claim or offer of a compromise settlement of

8

a claim; and/or

    d.  Failing to conduct a reasonable investigation of Plaintiff's claims

   43.  Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Camp and was a producing cause of Plaintiff's damages. Defendant Camp is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**D. UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (Against Camp)**

   44.  Camp's conduct of deceptively denying the damage to the Property relating to the a water leak and weather events of hail, wind and/or rain constitute unfair and deceptive trade practices.

   45.  Camp is individually liable for his unfair and deceptive acts by performing an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim of denying Plaintiff's insurance claim by concluding that the damage to Plaintiff's Property was not a result of wind, hail and/or rain.

   46.  Camp is liable for his unfair and deceptive acts because he attempted to minimize or manipulate the damage to the Property and then telling the Plaintiff that there was either no damage or the damage was minimal.

   47.  Camp's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the Property as a whole was not a result of wind, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

   48.  Camp's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the roof was not a result of winds, hail and/or rain is a material fact relating to the

coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

49.     Camp's unfair settlement practices of deceptively refusing Plaintiff's claim by concluding the damage to Plaintiff's Property was not a result of wind, hail and/or rain, as described above, and failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim with Plaintiff, even though Central Mutual's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

50.     Additionally, Camp's conduct violated the Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts and practices by deny Plaintiff's claim on the basis that the damage to the Property was either pre-existing damage and/or material failures. The storm that caused some of the damage were major weather events that severely damaged structures in the surrounding areas, but Camp employed an outcome oriented investigation for the sole purpose of denying Plaintiff's claim.

51.     Camp' conduct was in or affecting commerce.

52.     Each of the acts described above, together and singularly, constitutes a deceptive trade practice in violation.

53.     Plaintiff was a "consumer" in that Plaintiff purchased the policy by and the insurance contract forms the basis of this action.   Camp's conduct constitutes an unfair or deceptive trade practice in the following ways:

  a. Camp misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

  b. Camp failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability became reasonably clear;

10

      c.     Camp refused to pay the claim without a reasonable investigation on its part with respect to the claim.

54.     Plaintiff has been damaged as a result of Camp's deceptive trade practices in an amount equal to the costs of repairs and attorneys fees.  Plaintiff also seeks treble damages from Camp.

## E.    NEGLIGENCE (Against Camp)

55.     Paragraphs above are incorporated by reference.

56.     Camp conduct of inspecting the Property and failing to identifying serious and substantial damage to Plaintiff's roof, walls and floors which has resulted in severe, substantial and prolonged damage was negligent.

57.     Camp engaged in negligent and misleading conduct with regard to Plaintiff regarding his actions of damaging Plaintiff's Property by refusing to recognize or acknowledge water and storm damage and authorize or endorse necessary repairs.

58.     Plaintiff has been damaged as a result of Camp's negligence in damaging the Property and failing and refusing to consent to or endorse the necessary repairs.

## F.    BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (Against Central Mutual)

59.     Defendant Central Mutual breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claims when Defendants Wellington and Central Mutual knew or should have known that liability was reasonably clear. Defendant Central Mutual's conduct proximately caused Plaintiff's damages.

## G.    ATTORNEYS' FEES

60.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against

Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented. Plaintiff is additionally entitled to reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d). and pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## DAMAGES

61.    Paragraphs above are incorporated by reference.

62.    Plaintiff complains of Defendants and prays Defendants be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from Defendants the following:

63.    Plaintiff would show that all of the above mentioned acts, taken together or singularly, constitute the proximate of damages sustained by Plaintiff.

64.    For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claim, together with attorney's fees.

65.    Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including, but not limited to, direct and indirect consequential damages, loss of income, mental anguish, court cost and attorney's fees.

66.    Plaintiff also seeks treble damages for Defendants' unfair method or unfair or deceptive act or practice in the business of insurance.

## VII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

67.    Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives notices

12

that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## VIII.
## REQUESTS FOR PRODUCTION

68.     Plaintiff serves these requests for production pursuant to Rule 196 of the Texas Rules of Civil Procedure and makes demand upon Defendants to each respond on the 50th day after service of Plaintiff's petition with production of responsive materials at the offices of the undersigned attorney for Plaintiff.

a.     Documents evidencing any and all evaluations, estimates, adjustment and/or damage analysis of the Property;

b.     Documents evidencing all contracts with Plaintiff;

c.     Documents evidencing each of Defendants principal place of business in Texas;

d.     Documents evidencing any and all photographs of the Property;

e.     Documents evidencing any and all communications with Plaintiff, their agents and/or others regarding the Property;

f.     Documents evidencing any and all insurance Policy, renewals, site inspections or valuations for the Property;

g.     Documents evidencing any and all premiums charged and/or collected by you from Plaintiff relating to the Property;

h.     Documents evidencing any and all claims made relating to the Property and/or denials of any such claims;

i.     Documents evidencing any and all policy applications made for the Property by Plaintiff including but not limited to your evaluations or assessments as to the condition of the Property.

j.     Documents evidencing any and all How the amount of the insurance policy for the Property was derived.

13

k.   Documents evidencing any and all studies, reports, investigation, analysis or records concerning weather events prepared by you or for you regarding any weather conditions that may have caused damage to the Property;

l.   Documents evidencing any and all payments made by you to Plaintiff or for repairs made to the Property; and

m.   Documents evidencing any and all repairs made to the Property by you, at your direction, or for which you paid or made reimbursement.

69.   Plaintiff serves these requests for interrogatories pursuant to Rule 197 of the Texas Rules of Civil Procedure and makes demand upon Defendants to each respond on the 50th day after service of Plaintiff's petition with answers at the offices of the undersigned attorney for Plaintiff.

a.   Identify the name, address, and role in the claim made the basis of this lawsuit, if any, for all persons providing information for the answers to these interrogatories;

b.   Identify all persons and/or entities who handled the claim made the basis of this lawsuit on behalf of Defendant(s);

c.   Do Defendant(s) contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notices was deficient, and identify any resulting prejudice cause to Defendant(s);

d.   Do Defendant(s) claim that Plaintiff failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identify any resulting prejudice cause to Defendant(s);

e.   Do Defendant(s) contend that Plaintiff failed to provide Defendant(s) with requested documents and/or information?  If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's failure to respond.

f.   At the time the claim made the basis of this lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant(s) or any persons or entities on behalf of Defendant(s);

g.   Identify all exclusions under the Policy applied to the claim made the basis

14

of this lawsuit, and for each exclusion identified, state the reason(s) that Defendant(s) relied upon to apply that exclusion;

h.     Describe how Defendant(s) determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this lawsuit, identifying the criteria for that determination; and

i.     To the extend Defendant(s) utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiff's claim, identify those modifications;

## IX.
## JURY DEMAND

Plaintiff demands a jury trial and has tendered the appropriate fee.

## X.
## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants for actual damages, costs, pre and post judgment interest, attorneys fees, treble damages and for all other relief to which Plaintiff is entitled.

Respectfully submitted,

**LUBEL VOYLES LLP**

By:   /s/ Adam Q. Voyles
      Adam Q. Voyles
      Lubel Voyles LLP
      Texas State Bar No.: 24003121
      5020 Montrose Blvd., Suite 800
      Houston, Texas 77006
      Telephone No.: (713) 284-5200
      Facsimile No.: (713) 284-5250
      Email: adam@lubelvoyles.com

**ATTORNEY FOR PLAINTIFF**

15

# CIVIL CASE INFORMATION SHEET (Rev. 1/—)

CAUSE NUMBER (FOR CLERK USE ONLY): **D-1-GN-16-002271**        COURT (FOR CLERK USE ONLY): **98th**

STYLED: Jeremy and Chelsey Ellison v. Central Mutual Insurance Company and Aaron Camp

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: |
|---|---|
| Adam Q. Voyles | adam@lubelvoyles.com |

| Address: | Telephone: |
|---|---|
| 5020 Montrose Blvd., Suite 800 | (713) 284-5200 |

| City/State/Zip: | Fax: |
|---|---|
| Houston, Texas 77006 | (713) 284-5250 |

| Signature: | State Bar No: |
|---|---|
| *[signature]* Adam Q. Voyles | 24003121 |

## Names of parties in case:

**Plaintiff(s)/Petitioner(s):**
Jeremy Ellison
Chelsey Ellison

**Defendant(s)/Respondent(s):**
Central Mutual Insurance Company
Aaron Camp

[Attach additional page as necessary to list all parties]

## Person or entity completing sheet is:

- ☑ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other:

**Additional Parties in Child Support Case:**

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

#### Contract

**Debt/Contract**
- ☑ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract

**Foreclosure**
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

#### Injury or Damage

- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

**Malpractice**
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident

**Product Liability**
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

#### Real Property

- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

#### Related to Criminal Matters

- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other:

#### Employment

- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

#### Tax

- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Family Law

#### Marriage Relationship

- ☐ Annulment
- ☐ Declare Marriage Void

**Divorce**
- ☐ With Children
- ☐ No Children

#### Post-Judgment Actions (non-Title IV-D)

- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

#### Title IV-D

- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

#### Other Family Law

- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

#### Parent-Child Relationship

- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Other Civil

- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Probate & Mental Health

**Probate/Wills/Intestate Administration**
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☑ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-Judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☑ Over $100,000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000



# SERVICE REQUEST FORM

**VELVA L. PRICE**
District Clerk, Travis County
Civil Division (512) 854-9457

## REQUESTED BY:

ATTORNEY/FILER: Adam Q. Voyles

PHONE #: 713-284-5200

EMAIL: selna@dishonest.com

SUBMITTED BY: Selna Broussard

TITLE: Partner

SIGNATURE: *Adam Q. Voyles*

## ISSUE PROCESS FOR:

CAUSE #: **D-1-GN-16-002271**     CASE STYLE: Jeremy and Chelsey Ellison v. Central Mutual Insurance Company and Aaron Camp

## QUICK CITATION REQUEST (FOR SERVICE OF CITATION ON ALL DEFENDANTS BY PERSONAL)

ISSUE CITATION TO ALL DEFENDANTS LISTED IN THE ORIGINAL PETITION AT THE ADDRESS SPECIFIED IN THE PETITION AND FORWARD THE CITATION(S) TO THE FOLLOWING:

☐ TRAVIS CO. CONSTABLE (specify):

☐ PRIVATE PROCESS AGENCY (specify):

☐ CERTIFIED MAIL BY CLERK    ☒ ATTORNEY/REQUESTER

☐ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. DISCOVERY) TO INCLUDE

## DETAILED SERVICE REQUEST (ON PARTICULAR PARTIES BY VARIOUS DELIVERY METHODS, )OR FOR NON-CITATION)

DESRIPTION OF INSTRUMENT(S) TO BE SERVED: **Plaintiff's Original Petition and Initial Discovery Requests**

☒ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. discovery) TO INCLUDE IN THE CITATION

TYPE OF PROCESS TO ISSUE:
☒ CITATION ☐ CERTIFIED NOTICE ☐ PROTECTIVE ORDER* ☐ TRO*^ ☐ INJUNCTION*^ ☐ SEQUESTRATION*^
☐ ATTACHMENT* ☐ EXECUTION* ☐ ABSTRACT* ☐ SUPERSEDEAS^ ☐ SCIRE FACIAS* ☐ OTHER^

*SPECIFY TITLE AND DATE OF UNDERLYING ORDER IN CASE RECORD:     ^ATTACH A COPY OF BOND AND/OR OTHER SUPPORTING DOCUMENT

## SERVICE(S) TO BE ISSUED

| PARTY NAME: Central Mutual Insurance Company | EMAIL PROCESS TO: | SERVE VIA: |
|---|---|---|
| PARTY TYPE: Defendant | ☐ TRAVIS CO. CONSTABLE<br>☒ ATTORNEY/REQUESTOR<br>☐ PRIVATE PROCESS AGENCY<br>Process Agency Name: | ☐ PERSONAL SERVICE<br>☐ CERTIFIED MAIL (BY CONSTABLE)<br>☐ CERTIFIED MAIL (BY CLERK)<br>☐ CITATION BY POSTING*<br>☐ CITATION BY PUBLICATION* |
| ☒ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE<br>☐ OTHER ADDRESS: | | |
| PARTY NAME: Aaron Camp | EMAIL PROCESS TO: | SERVE VIA: |
| PARTY TYPE: Defendant | ☐ TRAVIS CO. CONSTABLE<br>☒ ATTORNEY/REQUESTOR<br>☐ PRIVATE PROCESS AGENCY<br>Process Agency Name: | ☐ PERSONAL SERVICE<br>☐ CERTIFIED MAIL (BY CONSTABLE)<br>☐ CERTIFIED MAIL (BY CLERK)<br>☐ CITATION BY POSTING*<br>☐ CITATION BY PUBLICATION* |
| ☒ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE<br>☐ OTHER ADDRESS: | | |
| PARTY NAME: | EMAIL PROCESS TO: | SERVE VIA: |
| PARTY TYPE: | ☐ TRAVIS CO. CONSTABLE<br>☐ ATTORNEY/REQUESTOR<br>☐ PRIVATE PROCESS AGENCY<br>Process Agency Name: | ☐ PERSONAL SERVICE<br>☐ CERTIFIED MAIL (BY CONSTABLE)<br>☐ CERTIFIED MAIL (BY CLERK)<br>☐ CITATION BY POSTING*<br>☐ CITATION BY PUBLICATION* |
| ☐ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE<br>☐ OTHER ADDRESS: | | |

*THIS TYPE OF SERVICE MAY REQUIRE A COURT ORDER. ENTER DATE OF SERVICE ORDER IN CASE RECORD

ADDITIONAL INSTRUCTIONS FOR CLERK OR FOR OFFICER SERVING PROCESS:

## FOR ADDITIONAL PARTIES TO BE SERVED, USE A FILED PROCESS ISSUANCE REQUEST FORM ADDENDUM

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-002271**

DELIVERED THIS 2nd DAY OF JUNe
9/16 : 58 AM(PM)
BY: Shauna Dodd
PROFESSIONAL CIVIL PROCESS
INITIALS:SD   LIC#

JEREMY AND CHELSEY ELLISON

, Plaintiff

vs

CENTRAL MUTUAL INSURANCE COMPANY AND AARON CAMP

, Defendant

TO:   AARON CAMP
      GETRY & ASSOCIATES CLAIMS SERVICES, INC.
      10000 TOLLESBORO COVE
      AUSTIN, TEXAS 78739-2202

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS of the PLAINTIFF in the above styled and numbered cause, which was filed on MAY 24, 2016 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 31, 2016.

REQUESTED BY:
ADAM QUENTIN VOYLES
5020 MONTROSE BLVD, SUIT 800
HOUSTON, TX 77006-6533
BUSINESS PHONE:(713)284-5200  FAX:(713)284-5250

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CHAMBERS VICTORIA

- - - - - - - - - - - - - - - R E T U R N - - - - - - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-16-002271

SERVICE FEE NOT PAID

P01 - 000040779

☐ Original    ☐ Service Copy

*Jun 6 2016 Received*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

*DELIVERED THIS 20 DAY OF June*

*BY S Rupart*

PROFESSIONAL CIVIL PROCESS

**CAUSE NO. D-1-GN-16-002271**

JEREMY AND CHELSEY ELLISON

, Plaintiff

vs.

CENTRAL MUTUAL INSURANCE COMPANY AND AARON CAMP

, Defendant

TO:  CENTRAL MUTUAL INSURANCE COMPANY
     BY SERVING ITS REGISTERED AGENT, STEVEN MANSFIELD
     7301 STATE HWY 161, SUITE 320
     IRVING, TEXAS 75039-2820

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS of the PLAINTIFF in the above styled and numbered cause, which was filed on MAY 24, 2016 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 31, 2016.

REQUESTED BY:
ADAM QUENTIN VOYLES
5020 MONTROSE BLVD, SUIT 800
HOUSTON, TX 77006-6533
BUSINESS PHONE:(713)284-5200  FAX:(713)284-5250

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: CHAMBERS VICTORIA

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-16-002271                    SERVICE FEE NOT PAID              P01 - 000040778

☐ Original      ☐ Service Copy